IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | * |
| | *   Criminal No. 15-00088-CG |
| v. | * |
| | * |
| JOHN PATRICK COUCH, M.D., and | * |
| XIULU RUAN, M.D. | * |

**UNOPPOSED MOTION TO DECLARE CASE COMPLEX
AND TO CONTINUE PRE-TRIAL DEADLINES AND TRIAL DATE**

Comes now the United States of America, by and through the United States Attorney for the Southern District of Alabama, and files this motion to have this case declared complex under the provisions of 18 U.S.C. § 3161(h)(7)(A) and (B)(iv), and to continue all pre-trial deadlines and the trial date in this case. This case is currently set for the January 2016 trial term. For the reasons set out below, the parties request the trial date be continued to the June 2016 trial term.

**BACKGROUND**

On May 20, 2015, defendant John Patrick Couch, M.D. and defendant Xiulu Ruan, M.D. were arrested on drug and fraud conspiracy charges related to the operation of their jointly-owned pain clinic, Physician's Pain Specialists of Alabama ("PPSA"). *See* [Doc. No. 1] Recognizing from the outset that this case would require much more preparation time than is typical, all parties filed a joint motion for a continuance on June 8, 2015. [Doc. No. 137] In that motion, the parties requested the trial be continued until the March 2016 trial term, with associated pre-trial deadlines being continued in accordance with the new trial date. Following a pre-trial conference on the motion to continue, the Court granted the motion, but set the case for trial during the January 2016 trial term. [Doc. No. 142]

Since that time, the United States has worked in earnest to produce discovery to all defense counsel as quickly as possible. To date, the United States has produced multiple electronic hard drives, massive databases, and tens of thousands of pages of scanned documents. Production of discovery is not yet complete, but significant headway has been made.

### LEGAL BASIS FOR THE CONTINUANCE

Pursuant to 18 U.S.C. § 3161(h)(7)(A), the Court can grant an "ends of justice" continuance on the basis of a finding "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the many factors the Court can consider when making this finding are "whether the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. § 3161(h)(7)(B)(iv). A continuance for the purpose of allowing for effective trial preparation falls under the "ends of justice" catchall in the statute. *See United States v. Harris*, 566 F.3d 422, 431 (5th Cir. 2009). "If the trial court determines that the 'ends of justice' require the grant of a continuance, and makes the required finding, *any* delay is excludable" under the Speedy Trial Act. *United States v. Twitty*, 107 F.3d 1482, 1489 (11th Cir. 1997) (original emphasis).

### FACTUAL BASIS FOR CONTINUING TRIAL UNTIL THE JUNE 2016 TRIAL TERM

**A.    Copies of Electronic Medical Records are Still Not Accessible**

During the May 20, 2015 searches of the PPSA clinics and C&R Pharmacy, thousands of electronic medical records were copied by the FBI. Currently, none of the parties can review

these copies due to the lack of the proper software interface.[1]  The United States anticipates this issue will be resolved shortly.   Once the interface is in place, the parties will all need to review an extremely voluminous and complex set of medical records.  This will likely be a key component of preparing for trial for all parties.  Furthermore, the United States expects both sides will retain experts, and that such experts' review will be time consuming.  Continuing this trial until the June 2016 trial term will allow all parties to have the opportunity to thoroughly review the medical records so that pre-trial motions can be filed and evidence prepared for trial.

### B. Likelihood of Superseding Indictment

Since arraignment on the current charges, the United States has discussed with defense counsel the likelihood of a superseding indictment.  The United States is currently preparing a superseding indictment which will likely contain additional charges as well as additional co-defendants who should be tried together with Dr. Ruan and Dr. Couch.  The United States anticipates that the superseding indictment will be presented to a grand jury in the fall of 2015.

If the grand jury issues a true bill for the proposed superseding indictment, there will be a new set of complex charges pending against Dr. Ruan and Dr. Couch.  Both defendants will need sufficient time to adequately prepare for trial on these additional charges.  Furthermore, counsel for new co-defendants will need time to prepare to defend their clients.  It is unlikely that the new defense attorneys would be able to get caught up to speed on the voluminous discovery between the handing down of the superseding indictment and a potential trial in January 2016.

---

[1] After identifying the issue regarding the parties' inability to access the copies of the electronic medical records, the United States and defendants filed a joint motion requesting the Court order Greenway Medical Technologies to provide the parties with the interface necessary to review these electronic records. [Doc. No. 188] This motion has been granted, *see* [Doc. 189], and the parties are awaiting Greenway's compliance.
    It should be noted that all medical records were returned to PPSA on May 22, 2015. So while neither party has access to the copies made during the search, defense counsel has had access to the actual records since that date.

Continuing the trial to the June 2016 trial term will give these new attorneys sufficient time to prepare to defend their clients should their clients choose to go to trial.

### C. No Prejudice to Defendants

Both Dr. Ruan and Dr. Couch are currently released on pre-trial conditions. The United States expects, that if this continuance is granted, Dr. Ruan and Dr. Couch will file the appropriate Speedy Trial waivers.

### CONCLUSION

For the reasons stated herein, the United States moves this Court to declare this case complex, to continue this trial from the January 2016 term to the June 2016 term, and to continue all pre-trial deadlines in accordance with the new trial date. Such continuance will meet the ends of justice as it will allow all parties the necessary time to adequately prepare for trial.

> KENYEN R. BROWN
> UNITED STATES ATTORNEY
>
> By: */s/Christopher J. Bodnar*
> Christopher J. Bodnar
> Assistant United States Attorney
> 63 South Royal Street, Suite 600
> Mobile, Alabama 36602
> (251) 441–5845
> christopher.bodnar@usdoj.gov

### CERTIFICATE OF SERVICE

I certify that I have filed the foregoing pleading with the clerk of the Court using CM/ECF, which automatically serves a copy of the same upon counsel for the defendant this the 31st day of August, 2015.

> *s/Christopher J. Bodnar*
> Christopher J. Bodnar
> Assistant United States Attorney