IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIM. NO. 15-00088-CG |
| | ) | |
| XIULU RUAN, | ) | |
|     Defendant. | ) | |

**UNITED STATES'S RESPONSE TO DEFENDANT'S OBJECTION TO APPLICATION FOR WARRANT**

Comes now the United States of America, by and through Kenyen R. Brown, the United States Attorney for the Southern District of Alabama, and responds to the Defendant's Objection to Application for Warrant. Doc. 204.

This warrant is for the limited purpose of reviewing defendant Ruan's Yahoo email account, XIULURUAN@YAHOO.COM through and including June 20, 2015. A special master is not needed in this case, as suggested by the defendant, because the United States will follow a four-step process that will filter and delete any potentially privileged communications before the e-mails are reviewed by the prosecution team. Yahoo, in complying with the warrant, will provide a compact disc of Ruan's account activity, which will be sealed. The following process has been proposed to the defense team in writing to ensure that the prosecution team does not review privileged e-mails:

1

STEP 1: FBI Special Agent Amy White, the disc's custodian, will not view the disc but will arrange to have the disc copied. One copy will be given to an "IT" person, who is not part of the prosecution team and who is responsible for filtering the disc. A second copy will be given to the defendant. And the original disc will remain under seal.

STEP 2: The defense team has already provided the United States with the names and email addresses of all attorneys with whom the defendant is claiming privileged communications.

STEP 3: The IT person, not affiliated with the investigation or prosecution of this case, will search the disc, filtering out all of the email addresses of the attorneys provided by the defense team; and filtering out any remaining emails containing the attorney's names in the emails. No positive hits to this search will be viewed and will be deleted by the IT person. The remaining data will then be word searched for: Galena, Abstal, Insys, Trinity, Cain, Madison, Palmer, Parker, Manfuso, Subsys and other terms.

STEP 4: This filtered data will be saved on a disc and given to an Assistant United States Attorney **not** affiliated with the case and separated from the prosecution team. The filter attorney will review the remaining emails and determine if there are any privileged communications. If any are found, they will be given to the defendant. The prosecution team will only *then* review the emails after they have been filtered at this stage.

The United States anticipates that the controlled search terms will prevent any privileged communications from being exposed. And the majority of the time frame for the search is *prior to* the defendant seeking counsel for this indictment. While there may be other privileged communications between the defendant and

civil attorneys, those too *will be* filtered by the email addresses the defense team has provided.

Although the defendant argues the search may expose privileged communications missed by "strings of emails, chains of email, or [fail to] protect the privilege in the event of misspellings" (Doc. 204, 2), this is very unlikely since the search will be done using valid email addresses. Any invalid addresses would have been returned as bounce backs to Ruan's account, which are easily identifiable by the search terms. And even attempted communications that are privileged (bounced back emails) will be deleted. This includes email addresses within the body of the email, address line, subject line, or anywhere else on the disc.

Additionally, courts have reserved the appointment of a special master for cases involving large volumes of documents, where a privileged communication has already been discovered, or where there is limited time and resources of the court. *See United States v. Abbell*, 914 F. Supp. 519, 520 (S.D. Fla. Dec. 13, 1995) and *United States v. Neill*, 952 F. Supp. 834 (D. D.C. Jan. 17, 1997). That is simply not the case here. This search is for a very limited purpose on one email account, and the United States will take the necessary steps to protect the defendant's asserted privileges. Therefore, the defendant's objection should be denied, and the United States' suggested filter team procedure allowed.

Respectfully submitted,

KENYEN R. BROWN
UNITED STATES ATTORNEY

By:

*/s/ Deborah A. Griffin*
Deborah A. Griffin (GRIFD9200)
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama 36602
Telephone:  251-441-5845

## CERTIFICATE OF SERVICE

I hereby certify that on October 16, 2015, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the attorney of record for the defendant.

>  */s/ Deborah A. Griffin*
>  Deborah A. Griffin (GRIFD9200)
>  Assistant United States Attorney
>  United States Attorney's Office
>  63 South Royal Street, Suite 600
>  Mobile, Alabama 36602
>  Telephone:  251-441-5845