IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 15-00088-CG-B |
| | ) | |
| XIULU RUAN, | ) | |
|     Defendant. | ) | |

## **ORDER**

This matter is before the Court on defendant's objection to the United States' application for a warrant and brief in support (Docs. 200, 204) and the United States's response (Doc. 205). A hearing was held before the undersigned on October 29, 2015. Present were Jason Darley, Esq., and Dennis Knizley, Esq., counsel for defendant Xiulu Ruan, and Assistant United States Attorney Deborah Griffin. Upon consideration of the arguments made at the hearing and the briefing by the parties, the defendant's objection is overruled.[1]

*Background*

On September 23, 2015, the United States filed an application for a search warrant to obtain emails from Defendant Ruan's Yahoo! Email address. (Doc. 197).[2]

---

[1] While the defendant's request for the appointment of a special master is denied, the undersigned has modified the United States's proposed taint team procedure to include an additional requirement.

[2] The United States maintains that the warrant is for the limited purpose of reviewing defendant Ruan's Yahoo email account, XIULURUAN@YAHOO.COM, through and including June 20, 2015. Dr. Ruan was indicted on April 30, 2015 (Doc. 1), was arrested on May 21, 2015 (doc. 105), and was arraigned on May 28, 2015, on charges of conspiracy to commit health care fraud and conspiracy to dispense a controlled substance outside the course of a professional practice and not for a legitimate medical purpose.

Defendant has lodged an objection to the application on the grounds, in sum, that these emails will likely contain privileged attorney-client information. Specifically, in the objection, defendant states, in part, that "defendants are not objecting to the application, itself, rather solely and simply to the mechanism the Government has proposed to prevent any breach to attorney client privilege." (Doc. 204 at 1). The United States has proposed that a "filter team" or "taint team" procedure be implemented in order to prevent the unintended viewing by prosecutors of privileged documents.

Notwithstanding the United States's assurance that the taint team procedure will protect attorney client privilege, defense counsel argues that there remains at least some possibility that emails containing privileged information may be disclosed during the filtering process and there are deficiencies in the United States's procedure that may compromise their client's attorney client privilege. As such, defendant requests that the undersigned appoint a special master to review the emails. The United States maintains that a special master is unnecessary because a four-step process will be followed "that will filter and delete any potentially privileged communications before the e-mails are reviewed by the prosecution team." (Doc. 205 at 1).[3]

---

[3] Yahoo!, in complying with the warrant, will provide a compact disc of Ruan's account activity, which will be sealed. The FBI has notified the United States that the information was received in their offices on Friday October 30, 2015.

*Analysis*

<u>The Stored Communications Act, 18 U.S.C. § 2701 *et seq.*</u>

The application for a search warrant in this case seeks authorization to obtain and search electronic communications from providers of electronic communications (Yahoo!) services pursuant to 18 U.S.C. §§ 2703(a), 2703(b)(1)(A), and 2703(c)(1)(A). Under 18 U.S.C. § 2703(a), a government entity may require a provider of electronic communication services to disclose the contents of a wire or electronic communication that is in electronic storage for 180 days or less pursuant to a warrant issued in compliance with the Federal Rules of Criminal Procedure. For communications stored for more than 180 days, the statute authorizes a government entity to require a provider of electronic communication services to disclose the contents of the communications under the procedures outlined in § 2703(b). Section 2703(b)(1)(A) authorizes a government entity to require a provider of remote computing services to disclose the contents of any wire or electronic communication without notice to the subscriber or customer if the government obtains a warrant issued pursuant to the Federal Rules of Criminal Procedure. Section 2703(c)(1)(A) authorizes a government entity to require a provider of electronic communication service or remote computing service to disclose records or other information pertaining to a subscriber or customer if the government obtains a warrant issued pursuant to the Federal Rules of Criminal Procedure.

Taint/Filter Team

The United States notes that the requested search is for a very limited purpose on one email account, and it will take the necessary precautions to protect the defendant's asserted privileges. Specifically, in order to ensure that the prosecution team does not review privileged e-mails, the United States has proposed the following protocol:

> STEP 1: FBI Special Agent Amy White, the disc's custodian, will not view the disc but will arrange to have the disc copied. One copy will be given to an "IT" person, who is not part of the prosecution team and who is responsible for filtering the disc. A second copy will be given to the defendant. And the original disc will remain under seal.
>
> STEP 2: The defense team has already provided the United States with the names and email addresses of all attorneys with whom the defendant is claiming privileged communications.
>
> STEP 3: The IT person, not affiliated with the investigation or prosecution of this case, will search the disc, filtering out all of the email addresses of the attorneys provided by the defense team; and filtering out any remaining emails containing the attorneys' names in the emails. No positive hits to this search will be viewed and will be deleted by the IT person. The remaining data will then be word searched for: Galena, Abstal, Insys, Trinity, Cain, Madison, Palmer, Parker, Manfuso, Subsys and other terms.
>
> STEP 4: This filtered data will be saved on a disc and given to an Assistant United States Attorney not affiliated with the case and separated from the prosecution team. The filter attorney will review the remaining emails and determine if there are any privileged communications. If any are found, they will be given to the defendant. The prosecution team will only then review the emails after they have been filtered at this stage.

Defendant contends that the above procedure does not eliminate *all* risk of a privileged communication being revealed to the prosecuting attorneys. Defendant has a valid concern. In fact, "[f]ederal courts have taken a skeptical view of the

4

Government's use of 'taint teams' as an appropriate method for determining whether seized or subpoenaed records are protected by the attorney-client privilege." *United States v. SDI Future Health, Inc.,* 464 F. Supp. 2d 1027, 1037 (D. Nev. 2006). *See also United States v. Taylor*, 764 F. Supp. 2d 230, 234 (D. Me. 2011) ("[T]here is a healthy skepticism about the reliability of a filter agent or Chinese or ethical wall within a prosecutor's office…"); *In re Search Warrant for Law Offices,* 153 F.R.D. 55, 59 (S.D.N.Y. 1994) ("[R]eliance on the implementation of a Chinese Wall, especially in the context of a criminal prosecution, is highly questionable, and should be discouraged"). *But see United States v. Triumph Capital Grp., Inc.*, 211 F.R.D. 31, 43 (D. Conn. 2002) ("The use of a taint team is a proper, fair and acceptable method of protecting privileged communications…"). Notwithstanding this skepticism, while some federal courts have rejected the use of a taint team, *In re Grand Jury Subpoenas,* 454 F.3d 511, 524 (6th Cir. 2006) (trial court must employ special master to review documents for privileged communications); *United States v. Regan*, 281 F. Supp. 2d 795, 806-07 (E.D. Va. 2002) (same); *Black v. United States*, 172 F.R.D. 511, 516 (S.D. Fla. 1997) (ordering judge or judge's designee to review documents for privileged communications), others have sanctioned its use. *See Triumph Capital*, 211 F.R.D. at 43; *In re Ingram*, 915 F. Supp. 2d 761 (E.D. La. 2012); *United States v. Woody*, No. 3:07CR154-C, 2008 WL 504097 (W.D.N.C. Feb. 20, 2008) (denying motion for special master in lieu of governments taint team); *In re Search of 5444 Westheimer Rd. Suite 1570*, Misc. Action No. H-06-238, 2006 WL 1881370, at *3 (S.D. Tex. July 6, 2006) (noting that courts have upheld "taint team"

5

review in circumstances in which, *inter alia*, "the members of the taint team would not be involved in the prosecution, and the defendants would have the opportunity to object to any privilege determinations made by the taint team[,]" with such objections ultimately being resolved by the court before materials were turned over to the prosecution team).

The United States acknowledges that no procedure is perfect and the possibility of an error may exist, but maintains that defendant's argument is largely speculative. AUSA Griffin contends that the emails sought encompass a short period of time, it is not anticipated that they will be voluminous, and layers of protections have been integrated into the proposed protocol. At the hearing, counsel for defendant agreed that the time frame of the emails sought is narrow and it is anticipated that the materials will not be voluminous. While the undersigned finds that there has been no adequate showing for the need of a special master under the specific facts presented, the addition of another level to the proposed procedure will address defendant's concerns while not placing an undue burden on the government.

The undersigned finds that the procedure outlined by the United States is acceptable with the following modification: Step 4 provides, in part, that "[t]he filter attorney will review the remaining emails and determine if there are any privileged communications. If any are found, they will be given to the defendant." At this point, prior to the delivery of the culled emails to the prosecution team, the defendant must be given an opportunity to review the results of the taint team's

6

work and to contest before the undersigned any privilege determinations made by the taint team. Specifically, after the filter attorney has excluded any privileged communications (and prior to the prosecution team being given the resulting disc), the defense shall have 14 days to object to the inclusion of the remaining emails on the basis of attorney-client privilege. The filter team attorney will be allowed to address the objections on behalf of the United States prior to the ruling by the Court.

    DONE this the 2nd day of November 2015.

                                 /s/ Katherine P. Nelson
                                 **KATHERINE P. NELSON**
                                 **UNITED STATES MAGISTRATE JUDGE**